IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:21-cr-00010 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| JEFFERY M. CARLEY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, JEFFERY M. CARLEY, and Defendant's attorney, enter into this Plea Agreement.

## A. CHARGES

1. Subject Offense. Defendant will plead guilty to Count 1 of the Superseding Indictment, filed March 23, 2021, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

2. Charges Being Dismissed. If the Court accepts this Plea Agreement, Counts 2, 3, 4, 5, and 6 of the Superseding Indictment will be dismissed at the time of sentencing.

## B. MAXIMUM PENALTIES

3. Maximum Punishment. Defendant understands that the crime to which Defendant is pleading guilty carries a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not more than three

(3) years. A mandatory special assessment of $100 per count must also be imposed by the Court.

4. Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

5. Detention. Provided that Defendant does not violate any conditions of Defendant's pretrial release and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

## C. NATURE OF THE OFFENSE -- FACTUAL BASIS

6. Elements Understood. Defendant understands that to prove the offense alleged under Count 1 Wire Fraud, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) Defendant voluntarily and intentionally devised or participated in a scheme to obtain money or property by means of material false representations or promises;
>
> (b) Defendant did so with intent to defraud; and,
>
> (c) Defendant used or caused to be used an interstate wire communication ~~the mail or a private or commercial interstate carrier~~ [or used or caused to be used interstate wire facilities] in furtherance of, or in an attempt to carry out, some essential step of the scheme.

BRLP

PER

7. Factual Basis. As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a) As part of the defendant's scheme to defraud, the defendant established Main Street Solutions which the defendant represented to investors as an investment group that would provide a greater return on retirement investments than more traditional retirement programs.

(b) As part of the defendant's scheme to defraud, the defendant did not advise investors that the defendant was the primary owner and operator of Prosperity Partners and Main Street Solution.

(c) That as part of the scheme to defraud, the defendant operated his scheme to defraud and maintained records for Prosperity Partners and Main Street Solutions out of the defendant's residence in Treynor, Iowa.

(d) Defendant failed to make any investments for his clients from the funds transferred to Main Street Solutions and Prosperity Partners.

(e) That on or about January 17, 2017, caused the electronic transfer of $80,000, from B.H.'s New Directions IRA account, located in the State of Colorado, to the bank of account of Prosperity Partners, LLC located in the State of Nebraska.[1]

(f) At the time of the transfer, Prosperity Partners was owned and controlled by the defendant.

(g) Prosperity Partners was represented by the defendant to B.H. as an investment group able to provide higher financial returns to B.H. than other investment groups B.H. could place his retirement money with.

(h) At no time did the defendant disclose to B.H. the defendant's ownership and control of Prosperity Partners, LLC.

(i) The defendant did not make any investments using B.H.'s retirement money, instead the defendant used the money transferred to Prosperity Partners for the defendant's personal purchases.

(j) The defendant agrees that all or part of the scheme to defraud occurred in the Sothern District of Iowa.

[1] Names of victims are contained in Attachment A, filed under seal with this document.

8. Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9. Waiver of Rule 410 Rights. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

11. Sentencing Guidelines. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The amount of loss involved in the offense;

    (b) The number of victims involved;

(c) Whether financial hardship occurred to one or more of the victims;

(d) Whether sophisticated means were used to commit all or part of the offense;

(e) Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(f) The nature and extent of Defendant's criminal history (prior convictions); and

(g) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. Acceptance of Responsibility. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea [based on the simultaneous scheduling of the plea and sentencing hearings, the pre-plea disclosure of the PSR], or if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E. FINES, COSTS, AND RESTITUTION**

18. Fines, Costs, Restitution and Forfeiture. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. Special Assessment. Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. Restitution. Defendant agrees that the Court should impose an order of restitution as outlined below:

| | |
|---|---|
| B.H. | $66,000.00 |
| B.P. & T.P. | $70,000.00 |
| R.C. | $733,872.52 |
| F.M. | $243,492.65 |
| R.W. & K.W. | $65,458.94 |
| T.W. & G.W. | $44,788.38 |
| C.H. & F.H. | $150,500.00 |

That such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21. Forfeiture. Defendant agrees to forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following: Defendant agrees to the entry against him of a money judgment equal to the amount of the proceeds derived from the scheme to defraud.

If any of the proceeds, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with. A third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or,

e. Has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Tile 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section2461(c).

22. Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F. LIMITED SCOPE OF AGREEMENT**

23. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24. Agreement Limited to Southern District of Iowa. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and

cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25. Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. Waiver of Appeal and Post-Conviction Review. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law, except the

Defendant waives any or all rights to appeal the restitution amounts imposed by the Court. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. Voluntariness of Plea. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. Consultation with Attorney. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

      (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

29. Entire Agreement. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be in writing and signed by all parties.

30. Public Interest. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32. Consent to Proceed by Video Conferencing. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J. SIGNATURES

33. Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to

it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

10/12/21
Date

JEFFERY M. CARLEY

34. Defendant's Attorney. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.

I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

10.12.21
Date

Bradley R. Hansen
Federal Public Defender
Northern & Southern Districts of Iowa
400 Locust St., Suite 340
Des Moines, Iowa 50309
Tele: 515-309-9610
e-mail: Brad_Hansen@fd.org

35. United States. The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
Acting United States Attorney

10-13-21
Date

By:
Richard E. Rothrock
Assistant U.S. Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51503
Tele: 712-256-5009
e-mail: richard.rothrock@usdoj.gov