IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 1:21-cr-00010 |
| v. | ) |
| | ) GOVERNMENT'S SENTENCING |
| JEFFERY M. CARLEY, | ) MEMORANDUM |
| | ) |
| Defendant. | ) |

The United States, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, respectfully files this sentencing memorandum.

There appears to be no issues to resolve regarding the proper guideline calculations as neither party objected to the calculations reflected in the draft Pre-Sentence Report.

United States Probation Office has determined that the defendant's guideline range is 51-63 months. (Paragraph 101 of the Pre-Sentence Report found at Docket 108, hereinafter, PSR ¶ 101).

The Court clearly has the authority to vary from the established guideline sentence as long as that variance is based on factors listed in 18 U.S.C. § 3553(a). In the instant case, there is simply no reason to grant any downward variance. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The factors the Court should consider to determine a reasonable sentence are contained in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed;

1

> (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range from the guidelines;
>
> (5) any pertinent policy statements by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

A sentence within the guidelines is very appropriate in the instant case. The defendant, as is clearly reflected by the victim impact statements, has destroyed the savings of people that trusted him and there is no way to quantify the damage the defendant did to the emotional security of those he stole from. Making this crime even more egregious, it appears, though one cannot be sure, that the defendant flitted away all the money he stole for personal purposes, leaving nothing available to repay the victims.

Hiding money seems to be a trend with this defendant. In every tax returned reviewed by the government, the defendant failed to list his ownership interest in Main Street Solutions and in Prosperity Partners. He failed to declare the income he stole from the victims. In other words, he scammed the government too.

As has been a pattern for this defendant, when it comes to his finances the defendant has

been less than forth coming with the U.S. Probation Office. He has failed to provide financial records at probations request, making all the financial information in the Presentence Report suspect. (PSR ¶ 95). This is consistent with the defendant's behavior during the entire investigation. Telling victims he would explain where their money was invested, or falsely telling them their money was tied up based on legal problems within Prosperity Partners. When the defendant was interviewed by law enforcement, he told special agents with the Federal Bureau of Investigation that he would provide documentation as to the investments he made for his victims, and of course, never did so. Being truthful about money is not a quality this defendant has, making it impossible to determine the financial status of the defendant. (The government could even question the defendant's eligibility for an appointed attorney, based on his 2020 tax returns filed March 25, 2021.)

The Court should also take into consideration the lengths that the defendant took to avoid being caught. Not only did the defendant lie to the victims to get their money originally, he provided false documentation to prevent the victims from questioning their investment but also told at least one victim that the FBI was investigating New Directions, not the defendant. When it became apparent the Ponzi scheme the defendant was running was coming to an end, the defendant attempted to keep victims from talking to the FBI.

The defendant told B.H., who had been left business cards by the FBI to arrange an interview of B.H., that he, the defendant, would contact the FBI for B.H. and took the FBI business cards from B.H. Obviously, the defendant did not contact the FBI for the victim.

It is plainly obviously that the defendant is a long-time scammer, ready to do anything to steal money without any concern for the impact on the victims.

Finally, the defendant showed his total disregard for the people he was supposedly

helping, as revealed in a review of PSR ¶¶ 55-59.  These paragraphs show that the defendant was nothing more than a slum lord, taking money from those renting from him and not maintaining the property.  Hardly a glowing recommendation for leniency.

This defendant deserves a significant sentence.

In conclusion, the government would ask the Court to impose a sentence of no less than five years followed by a term of supervised release of three years as outline in the Pre-Sentence Report.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By:  *S/Richard E. Rothrock*
Richard E. Rothrock
Assistant United States Attorney
2146 27th Ave Suite 400
Council Bluffs, Iowa 51501
Tel: 712-256-5009
Email: richard.rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax _____Hand Delivery

 X  ECF/Electronic filing  \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/PAC*
    Paralegal Specialist